IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WESLEY PURKEY,**

    **Plaintiff,**

    v.                                                              Case No. 01-3019-JWL

**DAVID MCKUNE, et al,**

    **Defendant.**

_____

**MEMORANDUM AND ORDER**

    Wesley Purkey brings this action asserting a number of constitutional claims under 42 U.S.C. § 1983 against defendants David McKune, Steve Laun, Dan Young, Carol Ward, Boyce Gunther, and Robert Chmilding. This matter is currently before the court on plaintiff's motion to alter or amend the court's October 26, 2004 order granting in part and denying in part defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 59(e), and in the alternative for notice of appeal as required by Federal Rule of Appellate Procedure 4(a) ("motion for reconsideration," Doc. # 65).

    The court denies plaintiff's motion for reconsideration. While plaintiff's motion is timely under Federal Rule of Civil Procedure 59(e), and the court rejects defendants' argument that it should be treated as a Rule 60 motion, the motion is without merit. The court has not misapprehended plaintiff's position or the controlling law.[1] Moreover, although plaintiff also

claims that the court misapprehended a fact, even if that is correct, it would not have altered the outcome. Specifically, plaintiff claims that the plexiglass window on his cell door was closed, while the court believed that the plexiglass window remained open with the outer perimeter steel door closed. Even if the court misunderstood plaintiff's allegation of this fact, however, the alleged lack of ventilation, even with the plexiglass window being closed, would not rise to the level of being sufficiently serious to implicate constitutional protection.

**STANDARD**

The Federal Rules of Civil Procedure do not provide a mechanism pursuant to which a party may file a "motion to reconsider." *United States v. Emmons*, 107 F.3d 762, 764 (10th Cir. 1997) (quoting *Hatfield v. Board of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995)). Instead, the court construes such a filing as either a Rule 59(e) motion or a Rule 60(b) motion, depending upon the timing of the filing of the motion. *Id.*

A motion to reconsider filed within ten days after entry of judgment is considered a Rule 59(e) motion. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Grounds "warranting a motion to reconsider include (1) an intervening change in the

---

[1] In his motion, plaintiff argues that his claim that a disciplinary action was filed with an improper motive was improperly dismissed. In his complaint and in his memorandum in support of his complaint, plaintiff argued that the disciplinary action was filed to conceal violations of his Eighth Amendment rights. Plaintiff now argues that the disciplinary action was filed in retaliation for filing a grievance. This allegation was not pled in the complaint, and plaintiff has not asked for leave to amend his complaint, and, therefore, the court will not entertain this argument.

controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

A motion to reconsider filed more than ten days after the entry of judgment is construed as a motion for relief under Rule 60(b). *Weitz v. Lovelace Health System Inc.*, 214 F.3d 1175, 1178 (10th Cir. 2000). A Rule 60(b) motion is not a vehicle to reargue the merits of the underlying judgment, to advance new arguments which could have been presented in the parties' original motion papers, or as a substitute for appeal. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576-77 (10th Cir. 1996). Relief under Rule 60(b) is "extraordinary and may be granted only in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency*, 231 F.3d 694, 697 (10th Cir. 2000).[2]

---

[2] Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or

3

**TIMELINESS**

Defendants argue that plaintiff's motion to reconsider was not timely because it was not received by the court within ten days of the court's order granting in part and denying in part defendants' motion to dismiss, noting that plaintiff's motion arrived at the court eleven days after the court issued its order. In support of their position, defendants argue that the ten-day time period to respond is triggered by the entry of judgment and not the service of a notice, as contemplated by Federal Rule of Civil Procedure 6(e). Plaintiff responds by arguing that the Rule 6(e) three-day extension for notice received by mail is applicable here, and that even if the three-day extension is not applicable, his filing was timely as the prisoner mail-box rule applies, and, therefore, plaintiff's motion should be treated as filed on November 5, 2004, the day it was given to prison officials, rather than November 10, 2004, the day it was filed with the court.

The three additional days plaintiff refers to in his argument are only available "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail." Fed. R. Civ. P. 6(e). The Tenth Circuit has

---

extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

specifically held that the three-day mail provision of Rule 6(e) is not applicable to a motion pursuant to Rule 59(e) and does not extend the ten-day time period under that rule. *Parker v. Board of Public Utilities of Kansas City, Kansas*, 77 F.3d 1289, 1291 (10th Cir. 1996). The Tenth Circuit has also held that the ten-day period specified in Rule 59(e) is triggered by entry of the judgment, not by service of notice or other paper as contemplated by Rule 6(e). *Id.*

The inapplicability of Rule 6(e), however, does not end the inquiry here because the "prison mail-box rule" requires the court to deem plaintiff's motion filed on the date in which he presented it to prison officials for mailing. *See Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir.1989) (applying the prison mail-box rule, as set out by the Supreme Court in *Houston v. Lack,* 487 U.S. 266 (1988)).

Here, plaintiff presented his motion for reconsideration to prison officials on December 5, 2004. With use of the prison mail box rule, plaintiff's motion was filed eight days after the court's October 26, 2004 order, inside the ten-day period, which expired after December 9, 2004. *See* Fed. R. Civ. P. 6(a) (when calculating the Rule 59(e) ten day period relative to the court's order, the day the order was filed and intermediate Saturdays, Sundays and legal holidays are not included in the computation). Because plaintiff's motion was presented to prison officials within ten days of the court's order, the court will treat it as a Rule 59(e) motion.

**ANALYSIS**

In his motion for reconsideration, plaintiff argues that the court's partial dismissal of his conditions of confinement claim was contrary to well-established law.[3]  Plaintiff, also claims that the court misapprehended a fact,  that the plexiglass window on his cell door was closed, while the court believed that the plexiglass window remained open with the outer perimeter steel door closed.

The court's partial dismissal of plaintiff's conditions of confinement claim was not contrary to well-established law, and even if the court misunderstood an allegation of fact, any such misapprehension was harmless, as the alleged lack of ventilation, even with the plexiglass window being closed, does not rise to the level of being sufficiently serious to implicate constitutional protection.  To prevail on a "conditions of confinement" claim under the Eighth Amendment, an inmate must establish that (1) the condition complained of is " 'sufficiently serious' " to implicate constitutional protection, and (2) prison officials acted with " 'deliberate indifference' to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (*quoting Wilson v. Seiter*, 501 U.S. 294, 298, 302-03 (1991)).  "Only those deprivations denying the minimal civilized measure of life's necessities ... are sufficiently grave to form the basis of an Eighth Amendment violation." *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1188 (10th Cir. 2003) (quotation and alteration omitted).  In order to satisfy

---

[3] In his complaint, plaintiff alleged that his three day confinement in a filthy, flooded, isolated boxcar cell without ventilation violated his Eighth Amendment rights.  The court found that the conditions to which plaintiff was exposed were not sufficiently serious to warrant constitutional protection.  The court, however, denied defendants' motion to dismiss plaintiff's claim that, for three days, he was denied drinking water in violation of his Eighth Amendment rights.

the first requirement, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer,* 511 U.S. at 834. With regard to the second requirement, the Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." *Id.* at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." *Id.* at 836-37.

The Eighth Amendment "does not mandate comfortable prisons," and conditions imposed may be "restrictive and even harsh." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). An important factor in determining whether conditions of confinement meet constitutional standards is the length of exposure to the complained of condition. In general, the severity and duration of deprivations are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while substantial deprivations of shelter, food, drinking water, and sanitation may meet the standard despite a shorter duration. *DeSpain v. Uphoff*, 264 F.3d 965, 973(10th Cir. 2001).

Here, plaintiff's claim was properly dismissed, as the alleged conditions were not sufficiently serious to implicate constitutional protection. The Tenth Circuit has held that situations involving sanitation of cells, inadequate ventilation or air cooling do not rise to the level of a constitutional violation where prisoners were exposed to the conditions for only a short period of time. *See DeSpain*, 264 F.3d at 974 (situations "involving filthy cells, poor lighting, inadequate ventilation or air cooling, and unappetizing food 'simply [did] not rise to

7

the level of a constitutional violation' where prisoners were exposed to the conditions for only forty-eight hours") (citation omitted);   *Bainum v. Sedgwick County Commissioners*, 2001 WL 1637732, at *3 (10th Cir. Dec. 21, 2001) (same); *Ogbolu v. McLemore*, 1997 WL 49449, at *2 (10th Cir. Feb.7, 1997) (cold, wet, drafty, and unsanitary solitary cell for two days does not violate Eighth Amendment).

While plaintiff's alleged exposure to conditions lasted seventy-two hours, and the guidance provided by the Tenth Circuit addresses cases where the exposure to conditions lasted forty-eight hours, the court is persuaded that the allegations here are controlled by the Tenth Circuit's previous jurisprudence.  Other circuits that have addressed complaints regarding conditions of confinement have found that the conditions were not sufficiently serious to implicate constitutional protection even when the prisoner was exposed to the conditions for longer than forty-eight hours, and the Tenth Circuit has cited these cases when finding that conditions of confinement did not rise to the level of a constitutional violation. *See Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998) (citing *White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993) (eleven day stay in unsanitary cell not unconstitutional because of relative brevity of stay and availability of cleaning supplies); *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988) (five day stay in "filthy, roach-infested cell" not unconstitutional)).

It is important to note that in his complaint plaintiff does not allege that he was exposed to human waste. Rather, plaintiff alleges that he was exposed to the odor of human waste, resulting from his cell's lack of ventilation and his inability to flush his toilet because the

water in his cell was turned off. Plaintiff does allege that his cell was flooded, but he alleges that the source of the flooding was the faucet in his cell, which was stuck in the on position, not any overflow from his toilet. Had plaintiff alleged in his complaint that he was exposed to human waste during the flooding of his cell, the court may well have found a sufficiently serious condition to implicate constitutional protection even though the exposure to the complained of conditions lasted only three days because the Tenth Circuit has found that "exposure to human waste carries particular weight." *DeSpain*, 264 F.3d at 974 (exposure to human waste gravamen of complaint where flooding conditions lasted thirty-six hours); *see McBride v. Deer*, 240 F.3d 1287, 1292 (10th Cir. 2001) (finding "sufficiently serious conditions of confinement" where inmate in feces-covered cell for three days). "Exposure to human waste, like few other conditions of confinement, evokes both the general health concerns emphasized in *Farmer* and the more general standards of dignity embodied in the Eighth Amendment." *Id.*

The court, therefore, finds that because of the relative brevity of plaintiff's exposure to a flooded cell lacking ventilation, his allegations do not rise to the level of sufficient seriousness to implicate constitutional protection. The court denies plaintiff's motion for reconsideration, as partial dismissal of plaintiff's conditions of confinement claim was proper.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's motion for reconsideration (Doc. # 65) of the court's October 26, 2004 order granting in part and denying in part defendants' motion to dismiss is denied.

**IT IS SO ORDERED** this 11th day of January, 2005.

                                              s/ John W. Lungstrum
                                              John W. Lungstrum
                                              United States District Judge